UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
          v.                        )    CR. No. 09-91 S
                                    )
GUILLERMO PEREZ,                    )
                                    )
          Defendant.                )
_____)

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Guillermo Perez has filed a Motion to Vacate Conviction
(ECF No. 24) pursuant to 28 U.S.C. § 2255. For the reasons
stated below, the motion is DENIED and his application is
DISMISSED.

In August 2009, Perez pled guilty to possessing cocaine
with intent to distribute. As part the plea agreement between
Perez and the government, prosecutors promised not to pursue any
sentencing enhancements under 21 U.S.C. § 851, and to recommend
a sentence at the low end of the ultimate sentencing guideline
range. The Government kept its promise, but Perez's criminal
history dictated that he be sentenced as a career offender. On
March 19, 2010, this Court did indeed sentence Perez as a career
offender, and ordered him imprisoned for 72 months.[1]

---

[1] This sentence fell below the low end of the sentencing
guidelines.

Perez now argues that he was afforded constitutionally defective counsel and did not understand the nature of his plea. Perez's argument is apparently premised on his attorney's alleged failure to argue against his designation as a career offender.[2]  To succeed in his ineffective assistance of counsel argument, Perez must show 1) that "counsel's representation fell below an objective standard of reasonableness," and (2) that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).

Perez's argument fails both factually and legally.  First, Perez's attorney did in fact argue that he should not be deemed a career offender.  (See Objection to Presentence Report, ECF No. 12.)  This Court and the Court of Appeals for the First Circuit both rejected that argument.  Perez is correct when he claims that his attorney did not specifically argue that he could not be deemed a career offender absent sentencing enhancements under 21 U.S.C. § 851; but counsel was not required to make that argument because it had no chance of success and would have been frivolous.  Indeed, the First Circuit rejected

_____

[2] Perez also appears to argue that the Government breached its plea agreement with him when he was determined to be a career offender.  The record is devoid of any evidence that the Government breached its plea agreement in this case.

this same argument over ten years ago.  <u>United States v. Frisby</u>, 258 F.3d 46, 51 (1st Cir. 2001).  Thus, Perez can show neither that counsel's representation fell below an objective standard of reasonableness nor that the result of the underlying case would have been different absent counsel's claimed unprofessional errors.

Perez also filed an addendum to his application.  (ECF No. 31.)  This addendum argues that Perez was unaware that he was subject to being sentenced as a career offender until he received his presentence report.  As a result, Perez argues his plea was involuntary and his counsel deficient.  As a factual matter, Perez filed an objection to the presentence report, but never sought to withdraw his guilty plea, calling into question his account of events.  Still, this second argument fails on its merits.

"In a collateral attack upon a guilty plea, the defendant must show that the errors resulted in a total miscarriage of justice or in a proceeding so tainted as to be inconsistent with the basic requirements of fundamental fairness."  <u>Ryan v. United States</u>, C.A. No. 07-138 S, 2008 WL 780638, at *2 (D.R.I. Mar. 21, 2008).  In order for a plea to be knowing and voluntary it "must address three core concerns: (1) the absence of coercion; (2) the defendant's understanding of the charges against him; and (3) the defendant's knowledge of the consequence of his plea

of guilty." Id. Here, during his plea colloquy, Perez confirmed that no one coerced him into pleading guilty and asserted that he understood the maximum penalty he faced was 20 years in prison. (Change of Plea Transcript, ECF No. 22, at 5-6.) Additionally, the Court advised him about the operation of the sentencing guidelines. (Id. at 5, 7-8.) Specially, Perez said he understood that if the calculation of the sentencing guidelines were different than he expected, he could not take back his plea. (Id. at 8.) Perez knew he faced a sentence of up to 20 years. He may not now challenge his six year prison term because he expected a more lenient sentence.[3]

Perez's challenge concerning the competency of his counsel on this point also lacks merit. Perez essentially argues his counsel was deficient for not seeking to withdraw his guilty plea after the presentence report suggested Perez should be sentenced as a career offender. But a defendant is not entitled to automatically withdraw a guilty plea, and a miscalculation in the time a defendant would be incarcerated is not the basis upon which a plea could be withdrawn. Ryan, 2008 WL 780638, at *4. Thus, counsel was not deficient in failing to make such a motion.

---

[3] Perez's 72 month sentence was 79 months below the low end of the guideline range.

## RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, this Court hereby finds that this case is <u>not</u> appropriate for the issuance of a certificate of appealability because Perez has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Perez is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings.

IT IS SO ORDERED.

_____
William E. Smith
Chief Judge
Date:  January 20, 2015